**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 19-60-DLB-CJS**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**VS.**                     **MEMORANDUM OPINION AND ORDER**

**MICHAEL ANGELO WILLIAMS**                                     **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**I.    Introduction**

This matter is before the Court upon Defendant's motion to withdraw guilty plea to Count One of the Indictment (Doc. # 22). The United States having filed its response to the motion (Doc. # 24), and the time for the filing of a reply having passed, the motion is ripe for review. For the reasons that follow, the motion is **denied**.

**II.    Factual and Procedural Background**

According to the United States, this criminal case began when a confidential informant decided to cooperate with law enforcement in March 2019. That informant admitted to conspiring with Defendant Williams to distribute methamphetamine from January 2019 through the time that the cooperation began in March, 2019. The United States submits that the informant's admissions were supported by recorded conversations with Defendant Williams and his subsequent actions supplying methamphetamine to the informant as well as two other informants during controlled purchases.

1

After the informant began cooperating, several controlled purchases of methamphetamine were made from Defendant Williams, including approximately two ounces on March 11, 2019, approximately one ounce on March 14, 2019 (in Ohio), approximately two ounces on March 26, 2019, approximately two ounces on April 17, 2019, and approximately one ounce on May 6, 2019. The total relevant conduct is between 50-150 grams of actual methamphetamine.

On October 9, 2019, Mr. Williams pled guilty to all five counts of the Indictment, including the conspiracy count and the four distribution counts that occurred in Northern Kentucky (Doc. # 17). There was no written plea agreement. During the guilty plea hearing, no issues regarding Mr. Williams' competence to enter his guilty plea were raised and he freely admitted to conspiring with at least one other person to distribute methamphetamine during the time frame alleged in Count One, as well as the four methamphetamine sales in Northern Kentucky in Counts Two through Five. He also acknowledged that the lab testing of the drugs seized revealed approximately 97 grams of actual methamphetamine. The Court advised him that that quantity of methamphetamine would yield a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5). That level is the same whether the Defendant had pled guilty to the only the substantive distribution counts (counts 2-4) or all the counts, including the conspiracy count. During his plea colloquy with the Court, Mr. Williams indicated he was pleading guilty without any plea agreement to preserve all appellate issues and to challenge any sentence. The Court accepted his guilty plea and scheduled sentencing for February 6, 2020 (Doc. # 18).

However, prior to the scheduled sentencing date, prior defense counsel moved to withdraw (Doc. # 19). After conducting a hearing on January 29, 2020, the Court granted defense counsel's motion and appointed current counsel, Stefanie Durstock to represent him (Doc. # 21). On February 18, 2020, Williams filed the pending motion to withdraw guilty plea to Count One, one-hundred thirty-two (132) days after pleading guilty.

**III. Analysis**

Defendant Williams has moved to withdraw his guilty plea to the conspiracy count, arguing that there is no indicted co-defendant with whom he could have conspired with. He asserts that the United States is unable to establish any conspiracy as there is no other individual charged with engaging in the conspiracy with him. He argues that his independent research provides him with a possible defense to Count One.

The withdrawal of a guilty plea prior to sentencing is a matter "within the broad discretion of the district court," *United States v. Weldon*, 541 F.Supp.2d 890, 897 (E.D. Ky. 2006), aff'd, 275 Fed.App'x. 462 (6th Cir. 2008) (unpublished), and is governed by Rule 11 of the Federal Rules of Criminal Procedure. Rule 11(d) provides the circumstances under which a defendant may withdraw a guilty plea. Rule 11(d) provides, in relevant part:

> (d) Withdrawing a Guilty ... Plea. A defendant may withdraw a plea of guilty ...:
> (2) after the court accepts the plea, but before it imposes sentence if:
> ...
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

In this case, since Defendant's guilty plea was accepted by the undersigned on October 9, 2019, the standard set forth in Rule 11(d)(2)(B) applies, that is, Defendant must show

3

a fair and just reason for requesting the withdrawal. For the reasons that follow, he is unable to do so.

The purpose of Rule 11(d) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (internal citation and quotation marks omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (*quoting United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

In considering Defendant's motion to withdraw his guilty plea, the Sixth Circuit has identified several factors which the Court must consider. These factors include – (1) the timeliness of the motion, (2) any reason for untimeliness, (3) assertion of innocence, (4) the circumstances surrounding the guilty plea, (5) the background of the defendant, (6) the defendant's exposure to the criminal justice system, and (7) prejudice to the government if the motion is granted. *Weldon*, 541 F. Supp. 2d at 897 (*citing United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These factors "are a general, non-exclusive list and no one factor is controlling." *Bazzi*, 94 F.3d at 1027. The defendant has the burden of establishing the existence of a fair and just reason supporting the withdrawal of the guilty plea. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). Upon reviewing each of these factors, individually and collectively, the Court

concludes that Defendant Williams' motion must be **denied**.

1.   **The Timeliness of the Motion**

Consideration of this factor favors denial of Defendant's motion. Defendant's guilty plea was entered on October 9, 2019. One-hundred thirty-two (132) days elapsed between the Defendant's guilty plea and the filing of the current motion to withdraw his guilty plea. The Sixth Circuit has found delays of far less time to be excessive for purposes of withdrawing a guilty plea. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-five days).

2.   **Reason for Untimeliness**

Other than stating that his independent research (presumably though the jail) revealed a possible defense to Count One, Defendant Williams has failed to offer a valid basis for the delay in moving to withdraw his plea to the conspiracy count. There is no reason that the alleged defense based on the lack of a named co-defendant could not have been brought to the attention of the Court during the guilty plea proceeding or immediately afterwards. Consideration of this factor favors denial of the motion.

3.   **The Assertion of his Innocence**

Mr. Williams has failed to address this factor whatsoever in his motion. In fact, during his October 9, 2019 rearraignment, Mr. Williams freely admitted his guilt to all five counts, including the conspiracy count. His current motion makes no claim of actual innocence. And more importantly, his newly-alleged legal defense is not a defense at

all. All members of a conspiracy need not be charged in an indictment. *United States v. Sandy*, 605 F.2d 210, 216 (6th Cir. 1979). "It is not necessary, to sustain a conviction for a conspiracy, that all co-conspirators be charged." *United States v. Sachs*, 801 F.2d 839, 845 (6th Cir.1986).

Here, prior to the informant's arrest in March, 2019, he/she was able to be a conspirator along with Mr. Williams. So that person could be a conspirator from January, 2019 to the date of his/her arrest. Additionally, the individual(s) from whom Mr. Williams may have been obtaining methamphetamine for sale (from January, 2019 to the date of Mr. Williams' arrest) is/are considered unindicted co-conspirators and need not be named in the indictment with him. Therefore, consideration of this factor weighs heavily in favor of denying the motion to withdraw guilty plea.

### 4. The Circumstances Surrounding the Guilty Plea

After placing Defendant under oath, the Court carefully discussed Defendant's options with him, including his rights to proceed with a trial in lieu of a guilty plea. Defendant further acknowledged that he reviewed the discovery with his attorney, was satisfied with the advice Mr. Sergent (his then-attorney) had given him, and that Mr. Sergent had done everything he had asked him to do.

The record reflects that the Court took great care in questioning Mr. Williams regarding his decision to enter a guilty plea and made sure he understood the possible consequences of the plea, including the minimum and maximum statutory penalties for each charge. The Court also ensured that no one had made any promises to him to induce him to plead guilty. After ensuring that there was a sufficient factual basis for

Defendant's guilty plea, the Court accepted the plea and scheduled sentencing for February 6, 2020.

In this case, Defendant's plea was knowingly and voluntarily entered and was not the product of duress. Nor was it a hastily entered plea made with unsure heart and confused mind. For all of these reasons, this factor strongly favors denial of Defendant's motion to withdraw guilty plea.

### 5. The Background of the Defendant/Prior Exposure to the Criminal Justice System

These factors also favor denying the motion to withdraw guilty plea. Defendant is now 35 years old with a long history of criminal convictions. His personal history and characteristics do not distinguish him from most offenders charged with similar offenses and favor rejection of his request to withdraw the plea. According to his preliminary presentence report, he has approximately 22 adult convictions, including both felonies and misdemeanors. These numerous prior convictions show a familiarity with the court system and process of entering guilty pleas. Although the Court acknowledges that none of his prior convictions are for a federal drug conspiracy, for the reasons previously stated, his purported defense to the conspiracy count is not a defense at all. Therefore, both of these factors also strongly favor denial of Defendant's motion to withdraw guilty plea.

### 6. Prejudice to the Government if the Motion is Granted

The final factor also favors denial of the motion, albeit less strongly. Although Defendant does not address this factor in his motion, there could be some prejudice to the United States if he was permitted to withdraw his guilty plea. However, because the

evidence related to the case is likely still available, any prejudice would be slight. In the final analysis, consideration of this factor weighs slightly in favor of denying the motion.

### 7. Additional Ground for Denial

Finally, as stated previously, Defendant's motion is based upon legal arguments which are misplaced. There is simply no requirement that all conspirators be named in an indictment. Therefore, the fact that he was the only named conspirator in Count One does not provide him with a defense to that charge.

## IV. Conclusion

Although the prejudice factor does not strongly favor denying Defendant's motion to withdraw his guilty plea, the remaining six factors weigh strongly against granting the motion. Moreover, because the record reflects that Defendant's October 9, 2019 guilty plea was neither hastily entered nor made with unsure heart or confusion, there is no basis for withdrawal. Because Defendant has failed to establish the existence of a fair and just reason to withdraw his plea under the applicable Sixth Circuit standards, and for the reasons stated herein,

**IT IS ORDERED** that Defendant's Motion to Withdraw Guilty Plea to Count One of the Indictment (Doc. # 22) be, and it is, hereby **denied**.

This 7th day of April, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**